UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WALTER DEVINE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 16-cv-11535-ADB |
| | * |
| TRANSWORLD SYSTEMS INC., & | * |
| UNITED STATES DEPARTMENT OF | * |
| EDUCATION, | * |
| | * |
| Defendants. | * |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

BURROUGHS, D.J.

For the reasons set forth below, the Court hereby **DENIES** Plaintiff's motion for a preliminary injunction [ECF No. 2].

**I.     BACKGROUND**

Plaintiff Walter Devine ("Plaintiff") states that in 2006, a federal student loan promissory note in his name was issued for the benefit of his estranged daughter Rebekah Devine. Plaintiff contends that he did not authorize his daughter to take out the loan in his name, and claims that she forged his signature in order to do so. After his daughter apparently defaulted on the loan, Plaintiff began receiving correspondence and phone calls from the Department of Education ("DOE") concerning past amounts due. Plaintiff alleges that he informed the agency that he did not sign the loan documents.

In July 2015, Plaintiff received correspondence from Transworld informing Plaintiff that the loan had been placed in collection and that his failure to pay could result in his wages being garnished. In response, Plaintiff filed an "Application for Discharge Relief" with DOE, alleging

that he never took out or signed for the loan. On August 24, 2015, Plaintiff received a decision from DOE determining that he was liable for the loan and that his wages were subject to garnishment at a rate of 15% of his disposable income. Plaintiff's wages and Social Security benefits were garnished beginning in July 2015.

Plaintiff filed this lawsuit in July 2016, alleging violations of the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.*, the "Little Tucker Act," 28 U.S.C. § 1346 (b)(l), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq*. Now before the Court is Plaintiff's motion for a preliminary injunction [ECF No. 2]. Defendant Department of Education opposes the motion [ECF No. 15].

## II.     DISCUSSION

The Court employs a four-factor analysis in evaluating a motion for a preliminary injunction. Those factors are: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm [to the movant] if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest." Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (internal quotation marks omitted). "The party seeking the preliminary injunction bears the burden of establishing that these four factors weigh in its favor . . . . The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Id. (internal quotation marks and citation omitted).

As discussed below, at this point in the proceedings, the Court cannot find that it is likely that Plaintiff will succeed on the merits of his claim. Furthermore, the denial of a preliminary injunction is unlikely to cause irreparable harm to Plaintiff. Therefore, the motion is denied.[1]

### A.  Likelihood of Success on the Merits

Plaintiff's argument primarily relies on tort claims brought under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2671 *et seq*. Defendant DOE correctly points out, however, that the FTCA only waives the government's sovereign immunity once Plaintiff has exhausted his administrative remedies. See Rakes v. United States, 442 F.3d 7, 18 (1st Cir. 2006) ("The waiver [of sovereign immunity] effected by the FTCA is, however, closely circumscribed by the terms of the statute."); 28 U.S.C. § 2675(a) (action may not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and [his or her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail").

As noted above, Plaintiff bears the burden of proof, and he has not met that burden in regard to the exhaustion requirement. Plaintiff made no representation in his complaint or preliminary injunction motion that he had exhausted his administrative remedies. In addition, as Plaintiff noted in his complaint, he hired a handwriting examiner who determined in June 2016 that the signature on the loan document is inconsistent with Plaintiff's handwriting, and thus not authored by him. Plaintiff admitted at the motion hearing on November 16 that he has not submitted this handwriting analysis to DOE, but he agreed to do so shortly. The DOE must have the opportunity to evaluate this evidence before Plaintiff can be said to have exhausted his

---

[1] Defendant DOE also appropriately argues that it is immune from suit requesting injunctive relief. 20 U.S.C. § 1082(a) ("the Secretary [of Education] may . . . sue and be sued in . . . any district court of the United States . . . but no attachment, *injunction*, garnishment, or other similar process . . . shall be issued against the Secretary") (emphasis added); see also Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988).

administrative remedies. Furthermore, DOE asserts that Plaintiff has yet to serve the agency with a written administrative claim for a sum certain. Based on these facts, the Court cannot conclude that Plaintiff exhausted his administrative remedies prior to filing this lawsuit, which is a necessary prerequisite to proving a likelihood of success on the merits.

Plaintiff's preliminary injunction motion also relies on claims brought under the the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). He argues that Defendants violated the FDCPA by continuing to communicate with Plaintiff after he informed Defendants that the debt was not his, and he also claims that Defendants engaged in unfair practices by failing to conduct an adequate review of the arguments and evidence he presented. Defendant DOE responds that the FDCPA does not waive sovereign immunity as to DOE's attempts to collect a debt, and therefore, such a claim is subject to dismissal as to DOE. Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007); see also Williams v. U.S. Dist. Court, 455 F. App'x 142, 143 (3d Cir. 2011); Little v. Tennessee Student Assistance Corp., 537 F. Supp. 2d 942, 944 (W.D. Tenn. 2008). The unresolved but significant issue of sovereign immunity also precludes finding a likelihood of success on the merits, at least as to the DOE.

### B.   Potential for Irreparable Harm

Plaintiff contends that he is currently suffering irreparable harm, and that the harm will continue unless a preliminary injunction is entered. He argues that the emotional distress he is suffering, as well as an inability to pay for expenses, constitute irreparable harm.

"If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996). Conversely, if Plaintiff's injury can be adequately compensated by an award of money damages, irreparable harm is unlikely. At

the November 16 hearing, counsel for both parties agreed that the wage garnishment has ceased pending the outcome of this lawsuit. Should Plaintiff prevail, an award of money damages would be adequate to compensate him for any money that was previously garnished in error. Therefore, the Court finds it unlikely that Plaintiff will suffer irreparable harm in the absence of a preliminary injunction.

### C. Other Factors

Given that Plaintiff cannot establish that he is likely to prevail on the merits, coupled with the fact that his wages are not currently being garnished, thereby undermining a claim of irreparable harm, the motion for a preliminary injunction must be denied.

### III. CONCLUSION

In accordance with this opinion, Plaintiff's motion for a preliminary injunction [ECF No. 2] is DENIED.

**SO ORDERED.**

November 21, 2016                                    /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE